UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LOTT, SHIELA GANTZ, and BEAR MOUNTAIN REALTY, | : | CIVIL NO: 1:13-CV-01580 |
| Plaintiffs | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| JAMES S. DUFFY, | : | |
| Defendant | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

Before the court is the plaintiffs' motion to remand this action in ejectment to the Court of Common Pleas of Adams County. Because this court does not have subject-matter jurisdiction, we recommend that the motion to remand be granted. Further, because the defendant did not have an objectively reasonable basis to remove this case to this court, we also recommend that the defendant pay the plaintiffs $350.00—the attorney's fees incurred by the plaintiffs as a result of the defendant's removal of the case.

## II. Background and Procedural History.

The plaintiffs, John K. Lott and Sheila Gantz, trading as Bear Mountain Realty, began an action in ejectment in the Court of Common Pleas of Adams

County, Pennsylvania against the defendant, James S. Duffy. In early November of 2012, during trial of that action, the parties reached a settlement that provided, among other things, that Duffy agreed to release any claim, interest, or title to the subject property and that Duffy agreed to vacate the property within 90 days. *Doc. 5-1* at 1-3. Duffy, however, did not vacate the property. Instead, in early February of 2013, he filed a bankruptcy petition. The plaintiffs then filed a motion for relief from the automatic stay, and by an Order dated May 21, 2013, Chief Bankruptcy Judge France terminated the automatic stay as to the subject property and ordered that the plaintiffs may continue their ejectment action in the Court of Common Pleas of Adams County. *Doc. 5-2* at 1. On June 4, 2013, Judge France denied Duffy's motion to re-impose the automatic stay. *Doc. 1* at 9.

Duffy still did not vacate the property, and the plaintiffs filed a motion seeking to hold Duffy in contempt and to have him ejected from the property. On June 7, 2013, the Court of Common Pleas of Adams County issued an order scheduling a contempt hearing for June 12, 2013. *Doc. 1* at 7. On June 12, 2013, Duffy removed the case from the Adams County Court of Common Pleas to this court thereby denying the Court of Common Pleas of jurisdiction and requiring the cancellation of the contempt hearing.

Duffy asserts that he was denied procedural due process in connection with the May 21, 2013 Order by Judge France vacating the automatic stay. He claims that this court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 in that it arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The plaintiffs filed a motion to remand and a brief in support of that motion. Duffy has not filed a brief in opposition to the motion to remand even though we issued a briefing order ordering that he file a brief in opposition in accordance with Local Rule 7.6 within 14 days of being served with the plaintiffs' brief in support.

**III. Discussion.**

Because this court does not have subject-matter jurisdiction, we recommend that the case be remanded to the Court of Common Pleas of Adams County.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994), and "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). The court has an obligation to satisfy itself that it has subject-matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If

at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party who removed the case to federal court bears the burden of showing that the court has subject-matter jurisdiction, and the removal statute is "strictly construed against removal." S*ikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Here, Duffy contends that that the court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "An action 'arises' under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" S*hupp v. Reading Blue Mountain*, 850 F. Supp. 2d 490, 495 (M.D. Pa. 2012)(quoting *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)). "This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Removal on the basis of federal-question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint." *Id*. "A defense that raises a federal question is inadequate to confer

4

federal jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Thus, "[a] case may not be removed solely on 'the basis of a federal defense . . . even if the defense is anticipated in the complaint and even if both parties admit that the defense is the only question truly at issue in the case.'" *Berry v. Pennsylvania Pressed Metals, Inc.*, 846 F.Supp. 27, 30 (M.D. Pa. 1994)(quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).

The plaintiffs' claim in this case does not arise under the Constitution, laws, or treaties of the United States. Thus, it is not a federal claim within this court's jurisdiction under 28 U.S.C. § 1331. That Duffy feels his rights were violated in connection with an order of the Bankruptcy Court allowing this ejectment action to continue does not somehow transform this action into an action arising under the Constitution, laws, or treaties of the United States. Rather, this action is an action in ejectment under Pennsylvania law over which this court does not have subject-matter jurisdiction.

We note that there is a narrow exception to the well-pleaded complaint rule called the "complete preemption doctrine." Under that doctrine, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins., Co. v. Taylor,* 481

U.S. 58, 63-64 (1987). "For the purposes of removal, '[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 (3d Cir. 1990)(quoting *Caterpillar,* 482 U.S. at 393). Duffy has not asserted and there is absolutely no basis to conclude that any federal law completely preempts the plaintiffs' state-law ejectment claim.

Because this court lacks subject-matter jurisdiction, we will recommend that the case be remanded to the state court. The plaintiffs also request that Duffy pay them the attorney's fees that they have incurred as a result of his removal of this action, and defense counsel certifies that he is charging the plaintiffs $350.00 for responding to the Notice of Removal.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have broad discretion to determine whether an award of expenses, costs, and attorney's fees is appropriate under § 1447(c). *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996). Bad faith on the part of the removing party is not required. *Id.* But "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

6

objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here there was no objectively reasonable basis for removal of this case, which raises only a state law claim. And so we recommend that Duffy be ordered to pay the plaintiffs' attorney's fees caused by the removal, which defense counsel certifies is $350.00.

## IV. Recommendation.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that the plaintiffs' motion (doc. 2) to remand be granted, that the case be remanded to the Adams County Court of Common Pleas, and that Duffy be ordered to pay the plaintiffs $350.00.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing

7

requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of August, 2013.

*__Susan E. Schwab__*
Susan E. Schwab
United States Magistrate Judge