IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN LOTT, et al., : | |
|     Plaintiffs : | |
| : | No. 1:13-cv-01580 |
| v. : | |
| : | |
| JAMES S. DUFFY, : | (Judge Kane) |
|     Defendant : | |

## MEMORANDUM

Before the Court is Plaintiffs John Lott, Sheila Gantz, and Bear Mountain Realty's motion to remand the above-captioned action to the Court of Common Pleas of Adams County (Doc. No. 2), Magistrate Judge Schwab's Report and Recommendation (Doc. No. 6), and Defendant's objections thereto (Doc. No. 7). For the reasons that follow, the Court will adopt the Report and Recommendation, and grant Plaintiffs' motion.

## I.  BACKGROUND

On February 10, 2012, Plaintiffs John K. Lott and Sheila Gantz, trading as Bear Mountain Realty, began an action in ejectment in the Court of Common Pleas of Adams County against Defendant James S. Duffy. In early November 2012, the parties reached a settlement of Plaintiffs' claims that provided, among other things, that Defendant would release any claim, interest, or title to the subject property, and, that Defendant would vacate the property within ninety days. (Doc. No. 5-1 at 1-3.) Instead, Defendant remained at the property, and filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Pennsylvania on February 2, 2013. In re James S. Duffy, No. 1:13-bk-00602 (Doc. No. 1). Plaintiffs subsequently moved the Bankruptcy Court to lift the automatic stay of their action in the Court of Common Pleas of Adams County, which the Bankruptcy Court granted. Id. (Doc.

1

No. 50). On June 4, 2013, Chief Bankruptcy Judge Mary D. France denied Defendant's motion to reimpose the automatic stay. Id. (Doc. No. 58). Defendant still refused to vacate the property, and Plaintiff initiated contempt proceedings in the county court.

On June 12, 2013 – two days before Defendant was scheduled to appear at a contempt hearing in the Court of Common Pleas of Adams County – Defendant removed the pending ejectment action to this Court on the grounds that it presented a federal question under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Doc. No. 1.) Plaintiffs then moved the Court to remand the action, arguing that Defendant's notice of removal was defective as it was both untimely and failed to articulate any basis for federal jurisdiction. (Doc. No. 2 ¶¶ 7-8.) Defendant did not file any response to Plaintiffs' motion.

On August 19, 2013, Magistrate Judge Schwab filed a Report and Recommendation, recommending that the Court remand the above-captioned action to the Court of Common Pleas of Adams County because the Court lacks subject-matter jurisdiction over the action. (Doc. No. 6.) Defendant filed objections on September 12, 2013, arguing that Magistrate Judge Schwab erred in recommending that the Court grant Plaintiffs' motion to remand this case. (Doc. No. 7.) The matter is now ripe for disposition.[1]

## II. STANDARD OF REVIEW

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

Removal of an action initially filed in state court is only proper if the action "originally could have been filed in federal court." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Generally, the case must be removed within thirty days after the initial complaint is received by the defendant. 28 U.S.C. § 1446(b). However, if the grounds supporting removal are not evident from the initial complaint, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3). Although the United States Court of Appeals for the Third Circuit has not specifically defined "other paper" within the meaning of the statute, district courts in this Circuit have given the term an "embracive construction" to include a wide array of documents, including "letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts." Costa v. Verizon N.J., Inc., No. 12-3424, 2012 WL 1288187, at *8 (D.N.J. Mar. 27, 2013) (collecting cases). "Other papers" trigger the thirty day removal period under the second paragraph only when they are the result of a voluntary act of the plaintiff which effects a change rendering a case subject to removal by defendant which had not been removable before the change. Efford v. Milam, 368 F. Supp. 2d 380, 385 (E.D. Pa. 2005).

The party seeking removal of the action to federal court may do so on the grounds that complete diversity of citizenship exists between the parties, or, that federal law has created a private right of action. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Williams,

3

482 U.S. at 392 (citation omitted).  It is settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of federal preemption, even if the defense is anticipated in the plaintiff's complaint.  <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 12 (1983).  That said, one "independent corollary" to the well-pleaded complaint rule exists, known as the "complete pre-emption" doctrine.  <u>Id.</u> at 22.  When the pre-emptive force of a statute is sufficiently "extraordinary," the Court may find that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 65 (1983).

## III. DISCUSSION

In the Report and Recommendation, Magistrate Judge Schwab recommends that the Court remand Plaintiffs' ejectment action to the Court of Common Pleas of Adams County because the action does not arise under the United States Constitution, laws, or treaties of the United States, and therefore it does not present a federal question supporting removal under Section 1331.  (Doc. No. 6 at 5.)  Defendant objects to the Report and Recommendation on the grounds that his notice of removal was timely pursuant to Section 1446(b)(3).  In support, Defendant asserts that he only became aware that the case was removable upon being served with a notice of contempt on June 7, 2013.  (Doc. No. 8 at 11.)  Apart from his objection that his notice was timely, Defendant does not articulate any legal argument concerning the federal question he alleges is presented in this case that would support removal under Section 1331, apart from his tangential allegation that Plaintiffs' motion seeking to hold Defendant in contempt in the county court was never served on Defendant.  Defendant asserts that this failure of service violated his Fourth and Fifth Amendment rights, but does not support this assertion with legal

4

authority suggesting that this alleged failure mandates removal.  (Id. at 6, 12.)

On review of the applicable law, the Report and Recommendation, and Defendant's objections thereto, the Court finds that Defendant misconstrues the substance of the Report and Recommendation.  Although Defendant's notice of removal may have been timely under Section 1446(b)(3) – a legal point that the Court need not decide here – Defendant's objection fails to articulate any grounds supporting federal question jurisdiction.  Even were Defendant's notice of removal timely, Defendant still must demonstrate that his case presents a question arising under the Constitution, laws, or treaties of the United States.  See 28 U.S.C. § 1331.  Defendant failed to do so in his notice of removal, claiming only that it "arises under Due Process Clause of the Fourteenth Amendment of the United States Constitution" without any supporting facts.  (Doc. No. 1.)  Moreover, in his objections to the Report and Recommendation, Defendant's only reference to federal question jurisdiction is his assertion that he was not timely served with notice of the contempt hearing in the Court of Common Pleas of Adams County, which deprived him of his Fourth and Fifth Amendment rights.  (Doc. No. 8 at 12.)  Again, Defendant fails to support this assertion with any legal argument.  For the foregoing reasons, the Court will overrule Defendant's objection to Magistrate Judge Schwab's conclusion that his underlying case fails to present a federal question.

The Court also finds that Defendant's objection to the Report and Recommendation's conclusion that counsel fees should be imposed pursuant to Section 1447(c) is without merit.  The Court may aware attorneys' fees pursuant to Section 1447(c) as part of a remand order.  See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  District courts

5

have broad discretion to determine whether a party should be awarded attorneys' fees under Section 1447(c). Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). That said, "[a]bsent unusual circumstances, courts may award attorneys' fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Having found that Defendant did not advance any objectively reasonable grounds supporting federal question jurisdiction, the Court likewise finds that Plaintiffs are entitled to an award of attorneys' fees incurred as a result of the removal.

**IV.    CONCLUSION**

The Court finds that the above-captioned action should be remanded to the Court of Common Pleas of Adams County, because Defendant fails to articulate any grounds supporting federal question jurisdiction in his notice of removal or his objections to the Report and Recommendation. An order consistent with this memorandum follows.