IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN LOTT, et al.,  :
    Plaintiffs  :
  :    No. 1:13-cv-01580
v.  :
  :
JAMES S. DUFFY,  :    (Judge Kane)
    Defendant  :

**MEMORANDUM**

Before the Court is Defendant James S. Duffy's motion to return the parties to status quo ante pending an expedited hearing. (Doc. No. 11.) For the reasons that follow, the Court will deny Defendant's motion.

**I.    BACKGROUND**

Defendant is a resident of Adams County who was served with an action in ejectment on February 24, 2012. (Doc. No. 2 ¶ 2.) On February 1, 2013, the Honorable Michael A. George entered an order memorializing the agreement between the parties that included Defendant's commitment to vacate the property within ninety days of February 1, 2013. (Id. ¶ 4, Doc. No. 2-1.) Defendant did not vacate the property. (Id. ¶ 5.) While contempt proceedings related to his failure to vacate the property were pending on June 12, 2013, Defendant filed a notice of removal with this Court. (Doc. No. 1.) Because the pending action failed to present a federal question, the Court remanded the action on October 13, 2013 on the grounds that it lacked subject matter jurisdiction over the matter. (Doc. No. 10.)

Once the matter had been remanded, the Court of Common Pleas of Adams County scheduled a contempt hearing against Defendant to be held the following week, on November 7, 2013. Defendant did not attend the hearing. (Doc. No. 11 ¶ 5.) After Defendant failed to attend

1

the contempt hearing, the Court of Common Pleas of Adams County scheduled another hearing for November 13, 2013, for Defendant to show cause why he should not be held in contempt. (Id. ¶ 7.) Defendant was served with the order scheduling the November 13, 2013 contempt hearing on November 8, 2013. (Id. ¶ 10.) After being served with this order, Defendant obtained a copy of the Court's October 30, 2013 remand order from the Adams County Prothonotary's office. (Id. ¶ 13.) Defendant then filed a second notice of removal, seeking to remove the same case remanded by the Court on October 30, 2013, which the Court dismissed. Lott, et al. v. Duffy, No. 1:13-cv-02768 (Doc. No. 1, Doc. No. 4). Defendant now asserts that because the Court's remand order of October 30, 2013 he obtained from the Adams County Prothonotary's office was not <u>certified</u>, the above-captioned action was never remanded to the Court of Common Pleas of Adams County and therefore the state court lacked jurisdiction to subsequently evict him from his property on November 15, 2013. (Doc. No. 11 ¶¶ 24-27.)

## II. DISCUSSION

The existence of subject-matter jurisdiction over an action is a prerequisite to its removal to federal court. Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 212 (3d Cir. 1997). The party seeking removal of the action to federal court may do so on the grounds that complete diversity of citizenship exists between the parties, or, that federal law has created a private right of action. 28 U.S.C. §§ 1331, 1332. A court may not exercise authority over a case for which it does not have subject matter jurisdiction. Brown v. Francis, 75 F.3d 860, 866 (3d Cir. 1996). Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . . [a] certified copy of the order of remand shall be mailed by the clerk of the State court. The State court may thereupon

proceed with such case." 28 U.S.C. § 1447(c). Once the federal court issues a certified copy of the remand order to the state court, the federal court is completely divested of jurisdiction over the pending state action. Hunt v. Acromed Corp., 961 F.2d 1079, 1081 (3d Cir. 1992).

Defendant asserts that because the copy of the remand order he obtained from the Adams County Pronothonary's office was not certified, the action remained pending in the federal court and the state court was without jurisdiction to issue any further orders in the pending ejectment action. (Doc. No. 11.) In support, Defendant relies on Trans Penn Wax Corp. v. McCandless, in which the United States Court of Appeals for the Third Circuit reasoned that "the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction." 50 F.3d 217, 225 (3d Cir. 1995). The Court finds that Defendant's reliance on McCandless for the proposition that the district court's remand order must be certified in order to effect remand is misplaced. Although the Third Circuit found that a district court may reconsider its remand order if a certified copy of the order has not yet been sent to the state court, the issue of whether the copy had to be certified in order to effect remand was not before the Third Circuit. Id. at 227. The Court therefore rejects Defendant's argument that the copy of the remand order was ineffective simply because it was not certified on the basis of McCandless.

Moreover, although the federal courts have not been uniform in their interpretation of Section 1447(c), see David A. Furlow & Charles W. Kelly, Removal and Remand: When Does a Federal District Court Lose Jurisdiction Over A Case Remanded to State Court?, 41 Sw. L.J. 999 (1987), the Court finds that, in general, courts have opted for substance over form. See In re Lowe, 102 F.3d 731, 735 (4th Cir. 1996) (finding that entry of remand order divests the district court of jurisdiction); Johnson v. Estelle, 625 F.2d 75, 78 (5th. Cir. 1980) (finding that an order

3

of remand announced by the judge in open court, and a subsequent written order backdated to the oral announcement, was sufficient to invest the state court with jurisdiction).

Even assuming arguendo that Defendant is correct in asserting that the Court's failure to send a certified copy of the remand order means that the federal court retained jurisdiction over the case pursuant to his notice of removal, the Court would still lack the power to order the relief that Defendant seeks. (Doc. No. 11 ¶ 36.) Because the Court did not have subject matter jurisdiction over Defendant's ejectment action, its jurisdiction was solely limited to deciding Defendant's notice of removal, which the Court did on October 30, 2013. (Doc. No. 10.) Defendant now seeks an order that would essentially vacate the state court's order ejecting him from the subject property. (Doc. No. 11 ¶ 36.) Assuming that the case has not been properly remanded, Defendant fails to present any grounds in his motion that would suggest to the Court that it now enjoys subject matter jurisdiction over his ejectment action to the extent it could vacate the state court's order evicting him and restore the parties to their status quo ante. See, e.g., Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir. 2005) ("[B]ecause the district court never had jurisdiction over the case, it had no power to rule on any substantive motions or to enter judgment in the case."). Should Defendant wish to challenge the state court's order evicting him, Defendant may do so in state court.

### III. CONCLUSION

Defendant's argument that the Court's remand order of October 30, 2013 (Doc. No. 10) was insufficient to divest this Court of jurisdiction on the sole grounds that it was not a certified copy is without merit. Accordingly, the Court will deny Defendant's motion, and the case will remain closed.

4